UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22302-GAYLES
(1:18-cr-20719-GAYLES)

**MICHAEL BIGGS**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

**ORDER DENYING AMENDED MOTION TO VACATE SENTENCE UNDER § 2255**

**THIS CAUSE** comes before the Court upon Movant Michael Biggs's *pro se* "Revised Final Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (the "Motion"). [ECF No. 11]. The Court has considered the Motion, the Government's Response [ECF No. 13], Movant's Reply [ECF No. 15], and the record in this case, and is otherwise advised in the premises. For the following reasons, the Motion is **DENIED**.

    **I.**    **BACKGROUND**

    **A. Movant's Criminal Case**

On May 19, 2017, a female correctional officer at the Miami Federal Correctional Institution ("FCI Miami") was conducting a routine security check when she noticed "a blue light illuminating [Movant's] face." [Cr-ECF No. 22 at 1].[1] The officer further observed that Movant was naked from the waist down and was holding a cell phone in his left hand while masturbating himself with his right hand. [*Id.*] Correctional officers searched Movant's cell where they

---

[1] Citations to "Cr-ECF" refer to the docket in Movant's underlying criminal case, Case No. 18-cr-20719-GAYLES.

discovered a cell phone which contained various pornographic images and videos—including at least seven videos of child pornography and approximately 125 images of "child erotica." [*Id.* at 2]. A forensic analysis of the cell phone revealed that Movant had successfully downloaded the pornography to his phone over several days using a peer-to-peer network called "gnutella." [*Id.* at 2–3]. At the time of the charged offenses, Movant was serving a federal sentence for engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g), based on charges filed in Case No. 10-CR-00319-HICKS in the United States District Court for the Western District of Louisiana (the "W.D. La. Case"). [*Id.* at 1; Cr-ECF No. 32 at ¶ 31].

Movant was indicted on one count of Receipt of Child Pornography and one count of Possession of Child Pornography. [Cr-ECF No. 1]; *see* 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b). On March 13, 2019, Movant pled guilty without a plea agreement to both counts of the Indictment before Magistrate Judge Alicia M. Otazo-Reyes. [Cr-ECF No. 21]. That same day, Judge Otazo-Reyes entered a Report and Recommendation finding Movant's change of plea to have been freely and voluntarily entered which this Court adopted on March 18, 2019. [Cr-ECF No. 23, 25]. Defendant's sentencing hearing was scheduled for May 31, 2019.

At sentencing, both the Government and Movant's counsel agreed that Movant was facing a fifteen (15) year mandatory minimum sentence. [ECF No. 7-2 at 3]. The Government argued that Movant's sentence in the instant case should run consecutive to the W.D. La. Case since "he was serving a sentence for the same crime out of the Western District of Louisiana, when he was found with contraband inside FCI Miami, which is a federal correctional facility with the child porn on his phone." [*Id.*]. The Government ultimately requested a fifteen (15) to twenty (20) year sentence to run consecutive to the W.D. La. Case. [*Id.* at 5]. In response, defense counsel argued that the Court should impose the minimum mandatory sentence of fifteen years to run partially concurrent

with the sentence in the W.D. La. Case to account for Movant's loss of gain time. [*Id.* at 5–8]. The Court sentenced Movant to concurrent fifteen-year sentences on Counts 1 and 2 of the Indictment, with both counts to be served consecutive to the sentence in the W.D. La. Case, followed by an additional fifteen years of supervised release. [*Id.* at 11–14]. Movant did not appeal, so his judgment and sentence became final fourteen (14) days thereafter on June 14, 2019. *See Murphy v. United States*, 634 F.3d 1303, 1307 n.11 (11th Cir. 2011) (citing Fed. R. App. P. 4(b)(1)(A)).

### B. Movant's Motion to Vacate Under 28 U.S.C. § 2255

On June 2, 2020, Movant filed his initial motion seeking to vacate his sentence pursuant to § 2255. [ECF No. 1]. Three days later, the Court ordered Movant to file an amended motion which complied with § 2255, the Federal Rules of Civil Procedure, and the Local Rules of this Court. [ECF No. 4]. Movant filed a second motion on July 9, 2020 [ECF No. 8], but the Court struck this motion and again ordered Movant to file a proper amended motion [ECF No. 10]. The instant, operative Motion was filed on August 18, 2020. [ECF No. 11]. The Government filed a Response to the Motion after this Court issued an order to show cause. [ECF No. 12, 13]. Although Movant's operative motion was filed more than one year after his conviction became final, the Government concedes, and the Court agrees, that the Motion is timely under § 2255 since the claims therein relate back to the claims raised in Movant's original June 2, 2020 motion. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (citing Fed. R. Civ. P. 15(c)).

## II.   LEGAL STANDARDS

### A. Standard of Review for § 2255

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United

States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* § 28 U.S.C. 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) (collecting cases). If a court finds a claim under § 2255 valid, the court shall vacate and set aside the judgment and discharge the prisoner, grant a new trial, or correct the sentence. *See* 28 U.S.C. § 2255(b). The burden of proof is on Movant, not the Government, to establish that vacatur of the conviction or sentence is required. *See In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016).

### B. Ineffective Assistance of Counsel Standard

A criminal defendant is entitled to the effective assistance of counsel before deciding whether to plead guilty. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). Where a movant challenges his counsel's effectiveness, he must demonstrate that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the movant cannot meet one of *Strickland*'s prongs, the court need not address the other. *Id.* at 697.

To show deficient performance, the movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citation omitted). To show prejudice, the movant must establish that, but for his counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. In the sentencing context, this requires a showing that the

sentence would have been less severe. *Glover v. United States*, 531 U.S. 198, 203 (2001). Conclusory allegations of ineffective assistance are insufficient under *Strickland*. *See Boyd v. Comm's, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

### III.     DISCUSSION

Movant has presented five grounds for relief. In Ground 1, he contends that defense counsel was ineffective for failing to present evidence of Movant's good behavior in prison during the sentencing hearing. In Ground 2, Movant argues that his convictions on Counts 1 and 2 of the Indictment violate the Fifth Amendment's prohibition against double jeopardy. In Ground 3, he states that the Court's decision to run his sentence consecutive to the W.D. La. Case's sentence was substantively unreasonable under 18 U.S.C. § 3553. In Ground 4, Movant claims that the special conditions of his supervised release are unconstitutionally vague. In Ground 5, Movant raises another claim of ineffective assistance of counsel by arguing that defense counsel should have objected to false or misleading statements made by the Government during his sentencing hearing.

#### A. Counsel's Failure to Present Evidence of Movant's Positive Behavior in Prison

Movant's first argument is that defense counsel was ineffective for failing to introduce evidence of Movant's "positive prison behavior" during his sentencing hearing. Movant avers that defense counsel told him that "my prison behavior would not be relevant at the sentencing hearing," [ECF No. 11 at 5], and that he was prejudiced by this advice since the Court made comments during sentencing indicating that it took Movant's prison history into account while imposing a sentence. The Government argues that Movant has failed to demonstrate either prong of *Strickland*.

Ground 1 of the Motion is without merit as Movant fails to demonstrate either prong of *Strickland*. First, defense counsel clearly rendered "reasonable professional assistance" during Movant's sentencing hearing. *See Strickland*, 466 U.S. at 689. Movant's presentence report ("PSR") already included numerous examples of positive actions Movant had undertaken while in prison, rendering any additional evidence from defense counsel redundant. [Cr-ECF No. 32 at ¶¶ 47, 53, 56, 57]; *see also Chandler v. United States*, 218 F.3d 1305, 1319 (11th Cir. 2000) (en banc) ("Counsel is not required . . . to present all mitigation evidence, even if the additional mitigation evidence would not have been incompatible with counsel's strategy."). In addition, defense counsel actually corrected the Court's initial misunderstanding that Movant had multiple violations while in prison by showing that, apart from the charged conduct, Movant only had one other incident in nearly nine years of incarceration. [ECF No. 7-2 at 7–8].

Second, the Movant fails to show prejudice because it is not "reasonably likely" that the results challenged would have been different if defense counsel did not commit the alleged error. *Harrington v. Richter*, 562 U.S. 86, 111–12 (2011) (quoting *Strickland*, 466 U.S. at 693, 696). In the instant case, additional evidence of Movant's "positive prison behavior" would not have resulted in the Court imposing a lesser sentence. *See Glover*, 531 U.S. at 203. The Court sentenced Movant to the minimum sentence it could lawfully impose. That sentence shall appropriately run consecutive to Movant's prior, unrelated conviction for possession and distribution of child pornography. Therefore, there is no reasonable probability that additional evidence of positive prison behavior would have resulted in the Court imposing a more lenient sentence.

### B. Double Jeopardy Violation

Next, Movant argues that his instant sentence violates double jeopardy since the charge of "receiving" child pornography and the charge of "possessing" child pornography criminalize the

same conduct. *Compare* 18 U.S.C. § 2252(a)(2), *with* 18 U.S.C. § 2252(a)(4). The Government agrees that convicting a defendant for violating sections 2252(a)(2) and (a)(4) can implicate the Double Jeopardy Clause if the receipt and possession occur during the same transaction; however, it also relies on *United States v. Bobb*, 577 F.3d 1366 (11th Cir. 2009) for the proposition that double jeopardy is not implicated if the Government can prove that the "possession" and "receipt" were instances of separate conduct on separate dates.

The Fifth Amendment's Double Jeopardy Clause protects a person from being prosecuted for the same offense twice and from receiving multiple punishments for the same offense. *Bobb*, 577 F.3d at 1371. When certain conduct could conceivably fall under two separate criminal statutes, the court must use a two-step approach to determine if double jeopardy is implicated. The first step is to determine whether the legislature intended for each violation be considered a separate offense since "[t]he Double Jeopardy Clause does not prohibit cumulative punishments for a single incidence of criminal behavior when the legislature clearly intends to prescribe cumulative punishments." *Williams v. Singletary*, 78 F.3d 1510, 1512 (11th Cir. 1996). It is presumed, however, that the legislature does not intend to impose cumulative punishments unless there is "a clear indication of contrary legislative intent." *Id.* (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)). Absent this clear legislative intent, the Court proceeds to the "same elements" test that was originally set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). *See United States v. Davis*, 854 F.3d 1276, 1286 (11th Cir. 2017). Under the same elements test, two offenses will be considered separate for double jeopardy purposes if each offense requires proof of an additional fact which the other offense does not. *Id.* (citations omitted).

In *Bobb*, the Eleventh Circuit considered whether possession and receipt of child pornography were separate offenses for purposes of double jeopardy. The court agreed with the

appellant that the legislature did not intend to impose cumulative punishments and that the same elements test was not met. *Bobb*, 577 F.3d at 1373–74. Nevertheless, the court also refused to reverse the appellant's convictions because his "convictions and sentences were based on two distinct offenses, occurring on two different dates." *Id.* at 1375.

The Court agrees with the Government that *Bobb*'s holding is applicable to the instant case. Double jeopardy is not implicated when the acts of receiving and possessing child pornography occur on different dates and refer to different pornographic items. *See, e.g.*, *United States v. Krpata*, 388 F. App'x 886, 888 (11th Cir. 2010); *United States v. Peacock*, 403 F. App'x 474, 475–76 (11th Cir. 2010); *United States v. Edens*, 647 F. Supp. 2d 1311, 1314 (M.D. Ala. 2009). Movant's Indictment specifically alleges that the "receipt" of child pornography occurred on May 18, 2017 when Movant downloaded child pornography from the "gnutella" peer-to-peer network. [Cr-ECF No. 1]. In contrast, the possession charge refers to all of the child pornography found on Movant's phone the day after, which included pornography that was downloaded on at least three separate days. [*Id.*; Cr-ECF No. 22]. Since Counts 1 and 2 of the Indictment charged Movant with distinct crimes that took place on separate days, his convictions and sentences do not violate double jeopardy.

### C. Substantively Unreasonable Sentence

Movant's third ground for relief asserts that the Court's decision to run his sentences consecutive to the W.D. La. Case's sentence was a substantively unreasonable decision in violation of 18 U.S.C. § 3553. Movant does not challenge the length of his sentence since the Court imposed the minimum mandatory sentence of fifteen (15) years. Rather, Movant challenges the Court's decision to run Movant's new sentence consecutive to his previous sentence. The Government argues that Movant's sentence is not a "miscarriage of justice," and that this Court lacks

jurisdiction under § 2255 to consider this claim. In the alternative, the Government argues that Movant's sentence is not substantively unreasonable.

A movant who demonstrates that a sentencing error occurred is not necessarily entitled to relief under § 2255. Sentencing errors may only be challenged on collateral review if the sentence results in "a complete miscarriage of justice." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (citing *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)). This only occurs when a movant demonstrates his actual innocence, that the sentence exceeds the statutory maximum, or that a prior conviction used to enhance the sentence was vacated. *Spencer*, 773 F.3d at 1139; *accord Snider v. United States*, 908 F.3d 183, 189–90 (6th Cir. 2018). In other words, a "garden-variety" sentencing error cannot be corrected on collateral review. *Spencer*, 773 F.3d at 1139–40.

There was no sentencing error here. It is undisputed that Movant's sentence is below the statutory maximum, and Movant does not allege that he is actually innocent or that a previous conviction has been vacated. Rather, Movant argues that the consecutive nature of his sentence makes it "substantively unreasonable." A sentence is considered substantively unreasonable if the district court imposes a sentence arbitrarily or otherwise fails to properly consider the factors provided in 18 U.S.C. § 3553(a). *See United States v. Pugh*, 515 F.3d 1179, 1191–92 (11th Cir. 2008). However, a "substantively unreasonable sentence does not result in a 'complete miscarriage of justice' if that sentence is less than the statutory maximum." *Spencer*, 773 F.3d at 1143; *see also United States v. Folk*, 954 F.3d 597, 605 (3d Cir. 2020) ("a sentencing error is not a fundamental defect requiring § 2255 relief when a prisoner is sentenced below the statutory maximum."). Accordingly, since Movant's claim involves an alleged sentencing error that is not a complete

9

miscarriage of justice, Ground 3 must be denied for failing to state a cognizable claim under § 2255.[2]

### D. Unconstitutionally Vague Special Conditions

Movant's fourth ground for relief alleges that several of the special conditions the Court imposed on his supervised release are unconstitutionally vague or impractical. Movant specifically challenges four of the special conditions that restrict or prohibit his access to: 1) computers, 2) computer modems, 3) contact with minors, and 4) sexual materials. [ECF No. 11 at 9; ECF No. 7-2 at 13; Cr-ECF No. 36 at 4]. The Government argues that each of these special conditions have been upheld against attacks on their constitutionality. The Court agrees.

Restrictions on a person's right to access or use computers, the internet, or other electronic devices have been consistently upheld as constitutional, especially for defendants charged with using the internet to access child pornography, so long as it is not a permanent ban. *See United States v. Zinn*, 321 F.3d 1084, 1092–93 (11th Cir. 2003); *United States v. Bobal*, 981 F.3d 971, 976–77 (11th Cir. 2020); *United States v. Miller*, 665 F.3d 114, 127–33 (5th Cir. 2011); *United States v. Morais*, 670 F.3d 889, 896–97 (8th Cir. 2012).[3] Special conditions banning contact with

---

[2] Even if Ground 3 could be addressed on the merits, the Court finds that Movant's sentence is substantively reasonable. The Court had the discretion to impose his sentence consecutively to the W.D. La. Case's sentence. 18 U.S.C. § 3584(a), (b). The record reflects that the consecutive sentences were reasonable under § 3553(a) as Movant had committed a substantially similar crime to that in the W.D. La. Case. [ECF No. 7-2]; *see also, e.g.*, *United States v. Johnson*, 803 F. App'x 313, 317 (11th Cir. 2020) (holding that the district court's decision to impose consecutive sentences was reasonable in light of the defendant's "history of similar crimes"); *United States v. Bartley*, 618 F. App'x 439, 446–47 (10th Cir. 2015) (observing that the district court's decision to impose a consecutive sentence based on the violation of the defendant's supervised release was "totally logical" when the violation "involved nearly the same conduct as the original offense").

[3] The Court recognizes that other courts of appeal have shown skepticism about broad restrictions on a person's use of computers and access to the internet as a special condition of probation, even for those charged with possession of child pornography. *See, e.g.*, *United States v. Holena*, 906 F.3d 288, 292–93 (3d Cir. 2018); *United States v. Blair*, 933 F.3d 1271, 1277 (10th Cir. 2019). Nevertheless, this Court remains bound by Eleventh Circuit precedent which clearly approves of

minors, *see United States v. Taylor*, 338 F.3d 1280, 1286 (11th Cir. 2003) (approving a special condition of the defendant's supervised release that "he have no direct contact with minors"); *United States v. Moran*, 573 F.3d 1132, 1140 (11th Cir. 2009) (affirming *Taylor*), and sexually explicit materials have also survived constitutional attacks, *see United States v. Carpenter*, 803 F.3d 1224, 1240 (11th Cir. 2015); *Miller*, 665 F.3d at 135–37. These special conditions were substantively reasonable given Movant's history of using the internet to possess, retrieve, and exchange child pornography. [Cr-ECF 32 at ¶¶ 3–10, 32]. Since all the special conditions challenged have been consistently approved in this circuit, Movant is not entitled to relief on Ground 4.

### E. Counsel's Failure to Object During Sentencing

In his final ground for relief, Movant argues that his counsel was ineffective for failing to object to certain statements made by the Assistant United States Attorney ("AUSA") during his sentencing hearing. Movant claims that the AUSA made two materially false statements which influenced the Court's decision to impose his sentence consecutive to the W.D. La. Case's sentence: 1) Movant had been downloading child pornography in prison for years, and 2) Movant had been masturbating to child pornography at the time correctional officers discovered his cell phone.

Upon review of the sentencing transcript, the Court concludes that Movant's claim must fail because the AUSA never made these statements. First, the AUSA never alleged that Movant had been frequently downloading child pornography while in prison; she merely recounted that Movant previously received and possessed child pornography based on the charged conduct in the

---

these restrictions for those charged with using computers/the internet to access, distribute, or receive child pornography.

W.D. La. Case. [ECF No. 7-2 at 3–5]. Second, while the AUSA did state that Movant "was caught in the act of pleasuring himself while viewing some of those videos," she never specifically claimed that Movant was watching child pornography at the time. [*Id.* at 4]. In fact, there was ample evidence that Movant possessed large amounts of pornography featuring adults in addition to the child pornography found on the cell phone. [Cr-ECF No. 22]. Since the AUSA did not make any false or misleading statements during the sentencing hearing, Movant's counsel cannot be deemed ineffective for failing to object.

### IV. CERTIFICATE OF APPEALABILITY

Unless a judge issues a certificate of appealability ("COA"), an appeal may not be taken to the Court of Appeals from the final order in a proceeding under § 2255. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

To merit a COA, petitioners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioners need not show that an appeal would succeed among some jurists. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). After all, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [a] petitioner will not prevail." *Id.* at 338. But, for the reasons explained above, there is no basis to issue a certificate of appealability in this case.

### V. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED**:

1. The Motion [ECF No. 11] is **DENIED**.

    2.    No certificate of appealability shall issue.

    3.    The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    **Michael Biggs**, *pro se*
53790-018
Edgefield
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 725
Edgefield, SC 29824

**Alejandra Lizzette Lopez**
United State Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
alejandra.lopez@usdoj.gov